**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35568**

| | | |
|---|---|---|
| JOSEPH CRAIG NEWMAN, | ) | |
| | ) | **2010 Opinion No. 6** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: January 29, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Ronald E. Bush, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

MELANSON, Judge

Joseph Craig Newman appeals from the district court's order dismissing his application for post-conviction relief. Newman asserts that the district court erred when it did not take judicial notice of certain documents and did not give proper weight to other judicially-noticed documents. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Newman was charged with felony injury to a child, I.C. § 18-1501(1), and being a persistent violator, I.C. § 19-2514. At the completion of trial, a jury found him guilty of injury to a child, and Newman admitted that he was subject to the persistent violator enhancement. The district court sentenced Newman to a unified life term, with a minimum period of confinement of twenty-five years. Newman filed an application for post-conviction relief seeking a vacation of his judgment of conviction and a new trial. Newman's application alleged numerous claims,

1

including ineffective assistance of counsel. The district court denied Newman's request for appointed counsel and summarily dismissed his application. Newman appealed, and this Court remanded Newman's case to the district court to allow Newman the assistance of counsel and to supplement his application with additional facts, if such existed. *Newman v. State*, 140 Idaho 491, 95 P.3d 642 (Ct. App. 2004).

Upon remand, the district court allowed Newman to amend his application. After reviewing the amended application, the district court summarily dismissed most of Newman's claims and held an evidentiary hearing for the three remaining ineffective assistance of counsel claims. At the evidentiary hearing, Newman requested that the district court take judicial notice of a number of documents, including documents relating to an Idaho State Bar Association professional misconduct proceeding involving Newman's trial counsel. The district court granted Newman's request in part and took judicial notice of Newman's original and amended applications for post-conviction relief; the instant post-conviction relief file; and orders, transcripts, and other documents from Newman's underlying criminal file. However, the district court declined to take judicial notice of the documents relating to the state bar misconduct proceedings. At the conclusion of the evidentiary hearing, the district court dismissed Newman's ineffective assistance of counsel claims. Newman appeals.

## II.

## ANALYSIS

Newman asserts the district court erred by not taking judicial notice of documents relating to an Idaho State Bar Association professional misconduct proceeding involving his trial counsel in the underlying criminal case. Newman further argues that the district court abused its discretion by not giving proper weight to other judicially-noticed documents from both Newman's underlying criminal file and the initial stages of the instant post-conviction action.

A court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and is governed by the Idaho Rules of Evidence. *See* I.R.E. 201. We review lower court decisions admitting or excluding evidence under the abuse of discretion standard. *Dachlet v. State*, 136 Idaho 752, 755, 40 P.3d 110, 113 (2002). In reviewing a trial court's exercise of discretion we consider whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently

2

with applicable legal standards; and (3) reached its decision by an exercise of reason. *Id.* at 756, 40 P.3d at 114.

## A.     Bar Documents

We first address Newman's argument that the district court abused its discretion by not taking judicial notice of bar misconduct documents involving his trial counsel. The district court declined to take judicial notice of the bar documents because they did not meet the threshold requirement set out in I.R.E. 201(b) and were not relevant to Newman's post-conviction relief claims.

The district court declined to take judicial notice of four documents: an amended complaint filed by bar counsel before the Professional Conduct Board of the Idaho State Bar Association; a motion to deem admissions and for imposition of sanction filed by bar counsel before the conduct board; an order to show cause signed and issued by the Chief Justice of the Idaho Supreme Court; and a response to the order to show cause signed by Newman's trial counsel. Idaho Rule of Evidence 201(b) provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court must take judicial notice if requested by a party and supplied with the necessary information. I.R.E. 201(d). A district court may take judicial notice of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967).

The district court held that, because misconduct proceedings before the bar are confidential, the source of the information was not capable of accurate and ready determination as required under I.R.E. 201(b). On appeal, Newman argues that the bar documents were signed by bar counsel and/or the Chief Justice, were in the format used by the bar and the Supreme Court, and were therefore reliable. The state responded at oral argument that, while the documents may indeed have been created by reliable sources, Newman's request was for judicial notice of the documents' *content*, not the documents' *existence*. Thus, the state asserts the proper inquiry for the district court in this case involves reviewing the accuracy of the facts contained within the bar documents, not the accuracy of the documents themselves.

Documents maintained by the state bar are not "generally known within the territorial jurisdiction of the trial court" under I.R.E. 201(b)(1), nor are they "capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned" under I.R.E. 201(b)(2) because a court does not have access to those documents. Unlike court records, local laws, ordinances, and other facts that are easily accessible and available to the trial court (facts for which judicial notice is plainly contemplated by I.R.E. 201(c) and (d)), bar misconduct records are not readily available to the trial court. In this case, counsel for Newman at the evidentiary hearing acknowledged that the bar documents were not available to the trial court:

> THE COURT: Do I have the right to go into the records of the bar counsel and go see what's there?
> [COUNSEL]: No, Your Honor. …

Therefore, because such documents were not accessible to the district court, they were not capable of accurate and ready determination under I.R.E. 201(b).

Further, documents generally should be placed in evidence through the ordinary avenues specified by the rules of evidence. This is done by laying an appropriate foundation to demonstrate the documents' authenticity and relevance.[1] In the case of nonconfidential state bar records, this could have been accomplished by, for example, following I.R.E. 901(b)(7)[2] or 902(4)[3]. However, the documents at issue in this case are photocopies of confidential bar

---

[1] Specifically, I.R.E. 901 states, in relevant part:

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

[2] Idaho Rule of Evidence 901(b)(7), Requirement of Authentication or Identification, states:

(b) Illustration. By way of illustration and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

[3] Idaho Rule of Evidence 902(4), Self-authentication, states:

misconduct records that were not properly authenticated. The photocopies do not contain any mark indicating that they are certified or otherwise authentic copies of original documents. Merely placing such photocopies in front of a trial court on counsel's unsworn representation that they constitute copies of bar records is not sufficient to allow the court to determine the copies' authenticity and take judicial notice of them. Further, it is not the duty of the court to contact the state bar to determine whether the provided documents constitute accurate copies of the originals maintained by that office. Indeed, the district court stated that it did not have "sufficient information" to determine if the copies of the bar records met the I.R.E. 201(b) standard. Rule 201(b) is not a mechanism by which a party may make an end run around normal foundational requirements for the introduction of documents.

It appears from the record that the district court recognized the issue of admitting the bar documents as one of discretion, acted consistently with applicable legal standards, and decided not to admit the documents through an exercise of reason. Therefore, Newman has failed to show that the bar documents met the criteria of I.R.E. 201(b) and that the district court abused its discretion by declining to take judicial notice of such documents.[4]

## B.      Judicially-Noticed Documents

Newman asserts that the district court abused its discretion by not giving proper weight to certain judicially-noticed documents from Newman's underlying criminal file and the initial stages of the instant post-conviction action. It is within the court's discretion to weigh the evidence presented. *Larkin,* 115 Idaho at 73, 764 P.2d at 440. Specifically, Newman asserts that the district court took only the documents' existence into account, not their content. Newman

---

(4)      Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make this certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court.

[4]      Because the bar documents do not meet the standard set out in I.R.E. 201(b), we need not address the issue of the documents' relevance.

5

bases this argument on a statement made by the district court that it would not necessarily consider what was contained in each judicially-noticed document.

However, prior to the district court making that statement, the following exchange occurred between Newman's counsel and the court:

THE COURT:       But how do you want me to use it?  How do you contend that I should use that in making my decision under the petition?

[COUNSEL]:       I would ask the Court does take it as judicial notice.

THE COURT:       You want me to treat it as if every one of these things was an exhibit in evidence?

[COUNSEL]:       Not for the truth of the matter asserted in each one of them, especially as far as the affidavits go, but I would ask the Court to review those documents when rendering this decision on entering this petition.

*I think the weight that each exhibit would be given would be up to the Court's discretion*, but I just want the Court to have at its disposal each one of these documents to review when making its decision.

(Emphasis added).  It appears from the record that the district court did what Newman's counsel requested.  The record reflects that the district court took the judicially-noticed documents into consideration and weighed the evidence.  Therefore, Newman has failed to show that the district court abused its discretion by not giving proper weight to the judicially-noticed documents.

## IV.

## CONCLUSION

The district court did not abuse discretion when it denied Newman's request to take judicial notice of the bar documents.  In addition, the record reflects that the district court reviewed other judicially-noticed documents from the underlying criminal case and the instant post-conviction action before making its decision.  Thus, the order summarily dismissing Newman's application for post-conviction relief is affirmed.  No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

6