IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38381

| STEPHEN DAVIS, | ) | 2012 Unpublished Opinion No. 446 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Stephen Davis, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Stephen Davis appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. Specifically, Davis argues the district court erred by not appointing counsel and by not providing an evidentiary hearing. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

The factual background and course of proceedings of this case are partially set forth in the district court's notice of its intent to dismiss:

On October 29, 1997, [Davis] was charged with one count of rape under Idaho Code § 18-6101(3), and lewd conduct with a child under sixteen under Idaho Code § 18-1508. According to Davis, sentence was later imposed for sexual battery under Idaho Code [§] 18-1508A. Sentencing occurred on December 7, 1998 and the terms of sentence were for 18 months fixed and 13 years indeterminate. On November 9, 1999, [Davis] filed a Petition for

1

Post-Conviction Relief ("Petition") alleging, among other things, ineffective assistance of counsel, discovery of new evidence, excessive punishment, habeas corpus, and timeliness. A hearing was held concerning Davis's Petition on August 7, 2000. The Court issued a Minute Entry and Order on August 10, 2000, which stated that Davis's Petition was dismissed.

On August 9, 2010, Davis filed a motion in the district court titled "Motion for Injunctive Post-Conviction." In the motion, Davis cited to Idaho Rules of Civil Procedure 59(e), altering or amending a judgment, and 60(b), grounds for relief from a judgment. Davis asked the court to vacate the dismissal of his original petition for post-conviction relief and argued that because of new evidence and/or exceptional circumstances,[1] he was entitled to habeas corpus or post-conviction relief. He also asserted that a myriad of state procedural hurdles prevented him from gaining access to the courts and successfully petitioning the court for post-conviction relief. Davis requested that the district court "locate" conflict counsel to assist him in filing an amended petition, which the district court interpreted as a request for appointment of counsel.

After considering the motion, the district court gave Davis notice of its intent to dismiss on the following grounds: (1) Davis failed to state the specific relief requested or support any of his claims with admissible evidence; (2) Davis failed to provide any facts that would allow the court to grant the motion under Rules 59(e) or 60(b); and (3) Davis's motion was untimely under both Rule 59(e) and Rule 60(b). In its notice, the district court denied the request for counsel, based on the same reasons the court intended to dismiss the motion, and provided Davis with twenty days to respond and submit additional information to support his motion. Davis did not respond within the prescribed time period and the district court entered an order of dismissal. Subsequent to the dismissal, Davis filed a "reply" to the notice of intent to dismiss. The district court treated the reply as a motion for reconsideration: it determined Davis raised no new or additional information that would be sufficient to avoid dismissal, and issued a second order of dismissal. Davis timely appeals.

---

[1] The arguments were not altogether clear; it appears Davis's assertions were construed as invoking the "newly discovered evidence" and "any other reason" grounds for asserting relief from a judgment, Idaho Rule of Civil Procedure 60(b)(2) and (6), respectively.

DISCUSSION

## A.     Treatment of the Motion

The district court noted and we agree that it is unclear whether Davis's motion was a successive petition for post-conviction relief, a motion to alter or amend judgment under Rule 59(e), or a motion to vacate judgment under Rule 60(b). We will treat the motion as a successive petition for post-conviction relief and the district court's order as granting summary dismissal for the following reasons. First, under Rule 59(e) or the "newly discovered evidence" ground for asserting relief from judgment, Rule 60(b)(2), Davis's motion is exceptionally delayed. The judgment at issue was the dismissal of his original petition for post-conviction relief occurring in August of 2000. A motion to alter or amend a judgment under Rule 59(e) requires that the movant file within fourteen days of the judgment. *Ross v. State*, 141 Idaho 670, 671, 115 P.3d 761, 762 (Ct. App. 2005). Davis's motion, filed ten years later, is untimely. Similarly, his motion under Rule 60(b)(2), based on "newly discovered evidence," is time-barred because the rule itself requires that a motion on such ground would need to have been filed within six months of the judgment.

Next, a motion for relief, made for "any other reason" under Rule 60(b)(6) (including exceptional circumstances not covered by a different ground for relief), needs to be filed within "a reasonable time."[2] *See* I.R.C.P. 60(b). What constitutes a reasonable time is based on the facts of each case, *Viafax Corp. v. Stuckenbrock*, 134 Idaho 65, 70, 995 P.2d 835, 840 (Ct. App. 2000), and is decided by the trial court. *See Waller v. Dep't of Health and Welfare*, 146 Idaho 234, 240, 192 P.3d 1058, 1064 (2008). A district court is vested with broad discretion in deciding whether to grant such a motion; however, its discretion is also limited by requiring the movant to show "unique and compelling circumstances" justifying relief. *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (citing *In re Estate of Bagley*, 117 Idaho 1091, 1093,

---

[2]     The State, in its argument addressing Davis's motion, argues the motion is untimely under both the "newly discovered evidence" and "any other reason" grounds, Rule 60(b)(2) and (6), because Davis filed the motion outside of the six-month time period. In making this assertion, it appears the State relied on a prior version of the rule that also applied the six-month time limitation to motions brought under Rule 60(b)(6). *See* I.R.C.P. 60(b) (2007). After a 2008 amendment, and as now stated, a motion brought under Rule 60(b) for "any other reason" need only be brought within a "reasonable time." *See* I.R.C.P. 60(b) (2011).

793 P.2d 1263, 1265 (Ct. App. 1990)). Whether a district court abused its discretion in denying a Rule 60(b) motion is evaluated by determining: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistent with any applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010). In this case, the district court made no findings as to whether Davis's motion was made within a reasonable time,[3] and it did not apply the "unique and compelling" standard in construing the motion as a request under Rule 60(b)(6). This was error. *See Miller*, 129 Idaho at 349, 924 P.2d at 611. A decision on a Rule 60(b) motion that shows an abuse of discretion by the trial court should be remanded unless there is an alternative ground for upholding the lower court's decision. *See Eby*, 148 Idaho at 737, 228 P.3d at 1004. Nonetheless, we can conclude that, as a matter of law, Davis fails to show a "unique and compelling" circumstance adequate to support a Rule 60(b) motion for the same reasons we conclude that Davis fails to show a sufficient reason to bring a successive post-conviction petition, discussed below. That is because avoidance of summary dismissal in successive post-conviction cases occurs by applying a lower sufficient reason standard than the "unique and compelling circumstances" prescribed by Rule 60(b)(6). *Compare Eby*, 148 Idaho at 737, 228 P.3d at 1004 (finding a "complete absence of meaningful representation" may present a unique and compelling circumstance), *and Berg v. Kendall*, 147 Idaho 571, 579, 212 P.3d 1001, 1009 (2009) (holding a complete failure to prosecute may provide unique and compelling circumstances)*, with Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008) (holding a sufficient reason to re-raise an issue may be shown by prior post-conviction counsel's ineffective assistance on that issue).

**B.      Standard of Review for Successive Post-Conviction Petition**

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like

---

[3]      In its decision on Davis's motion, the district court seems to have also relied on the pre-2008 version of Rule 60(b) and dismissed the motion under the Rule 60(b) analysis solely for untimeliness, citing to *First Bank & Trust of Idaho v. Parker Bros., Inc.*, 112 Idaho 30, 32, 730 P.2d 950, 952 (1986) ("A Rule 60(b) motion permits a district court to grant relief from a judgment based on mistake, or newly discovered evidence, or fraud, or misrepresentation, or misconduct, or void or satisfied judgments *if filed within six months*." (Emphasis added.))

the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner "has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

If an initial post-conviction action was timely filed and has been concluded, an inmate may file a successive petition outside of the one-year limitation period if the court finds a ground for relief asserted, which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403. *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing

to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive petition also includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.* Therefore, the question is whether Davis alleged a sufficient reason to support the successive petition and whether he filed within a reasonable period of time.

## C.     Dismissal of Successive Petition

Davis opaquely claims on appeal essentially two errors: the district court erred in not appointing counsel and by not providing an evidentiary hearing. He makes numerous assertions in support of these arguments. In addressing these, we will attempt to dismantle some of the misconceptions that Davis harbors, beginning with appointment of counsel.

### 1.     Appointment of counsel

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau,* 140 Idaho at 792, 102 P.3d at 1111. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In addressing Davis's motion for appointment of counsel, the district court found Davis had alleged no facts that would permit the court to grant relief and did not support any assertions with admissible evidence. We review the record to determine if Davis raises the possibility of a valid claim.

Davis vaguely argues ineffective assistance of counsel and violations of due process. In support of this claim, he asserts the district court should have taken judicial notice of his underlying criminal case and record, including psychological reports, which would affirm that he lacks the mental ability to research, file, and litigate "a judicial action of redress of judgment." He also asserts he presented a prima facie case that "state created barriers" prevented him from gaining access to judicial redress, and that his diminished capacity is exacerbated by these "state created barriers." Additionally, he claims that the district court was aware of misconduct by his trial counsel, as the Idaho State Bar instituted proceedings against him (implying the court should also have "noticed" these disciplinary records). In an all-encompassing statement, Davis claims:

> [T]he Second Successive, or R-60(b) Exceptional Circumstances, standard, sets a Remedy upon the 'But For External Factors' doctrine. But For Attorney Abandonment, But For State Created Barriers, But For Pyscological [sic] Conditions, But for (?), The Petitioner would have, (and should have) had full adjudication of his issues by Appeal or Post Conviction, and such Manifest Injustice, begs for a remedy.

Finally, Davis provides an article that reviews Title II of the Americans With Disabilities Act (ADA). Davis seems to incorporate by reference the article's arguments that Title II can be used

8

to protect individuals with disabilities from unnecessary and improper confinement, and to enforce the constitutional rights of inmates with disabilities so they are not subject to cruel and unusual punishment as a result of their disabilities. According to the article, some courts have found that Title II can be used to enforce a right, based on the Due Process Clause, to participate meaningfully in criminal proceedings.

Although we restate Davis's assertions, the applicability of most of his arguments to any specific claim is largely indecipherable. What we can glean from his court filings and notations is this: somehow Davis's counsel (whether Davis refers to trial counsel, post-conviction counsel, or both is unclear) provided ineffective assistance because Davis was prevented, as a person with a mental disability, from asserting his rights and participating meaningfully in a process affecting his fundamental liberty interests.

There are numerous deficiencies both in this claim and the assertions Davis makes in support thereof. First, we consider Davis's arguments that both his underlying criminal case and the disciplinary proceedings against his trial counsel should have been judicially noticed in order to establish facts supporting his claims. A court need only take judicial notice of a fact or facts if requested by a party and supplied with the necessary information. Idaho Rule of Evidence 201(d). A court may take judicial notice of its own record in the case before it. *Newman v. State*, 149 Idaho 225, 227, 233 P.3d 156, 158 (Ct. App. 2010). As to documents of disciplinary proceedings against an attorney, these do not meet the requirements in Idaho Rule of Evidence 201(b) because they are not "generally known within the territorial jurisdiction or the trial court," or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as courts do not have access to those documents. *Newman*, 149 Idaho at 227, 233 P.3d at 158 (citing I.R.E. 201(b)). "Unlike court records, local laws, ordinances, and other facts that are easily accessible and available to the trial court . . . , bar misconduct records are not readily available to the trial court." *Id.*

Davis did not provide the trial court with authenticated copies of the underlying criminal records or directly request the trial court to take judicial notice of those proceedings. Even if we were to presume, for the sake of argument, that the court erred by not judicially noticing Davis's criminal case, Davis does not raise the possibility of a valid claim. If the record of the underlying criminal proceedings would make obvious Davis's mental impairment, Davis has waived the claims in his successive petition because they should have been brought in his

original petition for post-conviction relief filed in 1999, with a hearing on the merits held in 2000. Where a mental impairment would be so patently obvious in the criminal record by itself, Davis cannot assert that "newly discovered evidence" has come to light to support this successive claim, and he has not alleged that ineffective assistance of post-conviction counsel on his original petition included overlooking such an obvious problem with the criminal case. To reiterate, it was not the court's burden, but Davis's, to supply the court record that Davis wanted noticed, and even had the record been noticed, it undermines Davis's assertions that he has either a sufficient reason for bringing a claim of mental impairment in a successive petition or that "new" evidence supports his renewed claim.

To the extent Davis argues the disciplinary proceedings against his trial counsel should have been judicially noticed, again, Davis did not directly request this of the court and did not supply the necessary information. In fact, Davis does not even allege that the misconduct charged against his trial counsel was in relation to Davis's criminal case. Charges of misconduct relate to specific instances of violations of the Idaho Rules of Professional Conduct and must be established by clear and convincing evidence. *See Idaho State Bar v. Souza*, 142 Idaho 502, 505-06, 129 P.3d 1251, 1254-55 (2006).

Next, Davis argues that his mental impairment, which would be established by judicially-noticed facts, would confirm that he lacks the mental ability to research, file, and litigate "a judicial action of redress of judgment." Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. However, Davis fails to articulate the nature of his disability other than to state it is a mental impairment, nor does he provide any records of any mental health evaluation or treatment. He does not allege how it affected his ability to meaningfully participate in criminal proceedings in violation of his due process rights. Davis does not state with any specificity how either trial counsel or post-conviction counsel were ineffective in assisting Davis's meaningful participation or neglected obligations to Davis. Davis never specifies what the "state created barriers" are or how they fundamentally interfered with or prevented an exercise of his rights to due process. Davis provides no facts or examples of ways he was disallowed from participating in proceedings or whether he was unable to refute charges against him or to offer evidence on his behalf. Finally, although Davis states he should have received full adjudication of his issues

10

raised in his original post-conviction action, the only evidence we have on appeal demonstrates that a hearing was held and a decision issued with regard his original petition. Therefore, no "manifest injustice," as claimed by Davis, is demonstrated by the record.

As to enforcement of rights guaranteed under Title II of the ADA, we find no authority and Davis cites none that would allow such enforcement through the procedures provided under the Uniform Post-Conviction Procedure Act, rather than instituting a separate civil action under the provisions of the ADA itself.[4]

Upon review of the record, Davis presents no possibility of a valid claim of ineffective assistance of counsel or due process violations. Therefore, we find no error in the district court's order denying Davis's request for appointment of counsel.

### 2. Dismissal without an evidentiary hearing

Without even the possibility of a valid claim, Davis fails to raise any genuine issue of material fact that would entitle him to the requested post-conviction relief and fails to establish a sufficient reason to support a successive petition. Only where a factual issue is presented is an evidentiary hearing required. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. The court is not required to accept Davis's mere conclusory allegations, unsupported by admissible evidence, or his conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136. We note that Davis provides numerous citations to various authorities covering due process violations, rights of the disabled, post-conviction rights, and others. Nonetheless, citation to *law* does not establish *facts* to support Davis's claims in his particular case. Without alleging *facts*, Davis cannot create a genuine issue to resolve at an evidentiary hearing. Having concluded Davis does not allege a sufficient reason to support a successive petition, we need not determine whether it was filed within a reasonable time.

### III.

### CONCLUSION

Davis fails to raise the possibility of a valid claim, and therefore, the district court did not err in denying Davis's motion for appointment of counsel. We also conclude that Davis presents no genuine issue of material fact or sufficient reason to support a successive post-conviction petition, and the district court did not err in failing to provide an evidentiary hearing.

---

[4]     Moreover, enforcement under Title II is a federal remedy and the Uniform Post-Conviction Procedure Act is state created.

Accordingly, we affirm the district court's order summarily dismissing Davis's successive petition for post-conviction relief.

Chief Judge GRATTON and Judge LANSING **CONCUR.**