**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43304**

| | | |
|---|---|---|
| **JEREMY STEVEN MEREDITH,** | ) | **2017 Unpublished Opinion No. 413** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 21, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Jeremy S. Meredith, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jeremy Steven Meredith appeals from the district court's judgment dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Meredith pled guilty to felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(6). The district court sentenced Meredith to a unified term of ten years with three years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court held a rider review hearing at which the district court relinquished jurisdiction and executed Meredith's original sentence. Meredith appealed, and in an unpublished decision, this Court affirmed the district court's order relinquishing jurisdiction. *State v. Meredith*, Docket No. 41468 (Ct. App. July 22, 2014).

1

Meredith filed a petition for post-conviction relief and moved for appointment of counsel. The district court appointed counsel who filed an amended petition for post-conviction relief. The amended petition asserted three claims of ineffective assistance of counsel: (1) deficiency in failing to file a motion to suppress a forced blood draw; (2) deficiency in failing to obtain a mental health evaluation for sentencing; and (3) deficiency in failing to adequately investigate the case and advise Meredith prior to Meredith pleading guilty.

Thereafter, the district court held a hearing on the State's motion for waiver of attorney/client privilege. The district court granted the motion and stated that, based on its review of the amended petition, it would issue a notice of intent to dismiss the first two claims and set the third claim for evidentiary hearing. Meredith's counsel asked for leave to amend the third claim to include related allegations. The State did not object and the district court granted the request. The district court set the matter for evidentiary hearing on the third claim only, including any anticipated amendment. Nine days later, Meredith filed a motion to remove his court-appointed counsel and to correct/supplement his amended petition. Thereafter, Meredith's counsel filed a motion to withdraw as counsel.

The district court issued a notice of intent to dismiss the petition for post-conviction relief. The State then filed a motion for summary disposition and supporting brief regarding Meredith's remaining third claim. Through counsel, Meredith filed a response to the district court's notice of intent to dismiss. Subsequently, a hearing was held on counsel's motion to withdraw. At that hearing, Meredith's counsel agreed to continue his representation and withdrew the motion to withdraw. However, approximately two weeks later, Meredith's counsel filed a second motion to withdraw, which the district court granted after a hearing.

Thereafter, Meredith filed the following pro se: first affidavit of petitioner, motion for leave to amend petition for post-conviction relief, memorandum in support of second amended verified petition for post-conviction relief, second amended verified petition for post-conviction relief, and motion to take judicial notice of underlying criminal records and transcripts. The State filed a second motion for summary disposition and supporting brief addressing only Meredith's first claim. A hearing was held on Meredith's motion to file a second amended petition and motion to take judicial notice. At the hearing, the district court denied Meredith's motion to file a second amended petition because Meredith had not raised any new claims. The

2

district court took judicial notice of the parts of the underlying criminal case, but denied the motion in relation to a separate criminal case.

The district court filed a second notice of intent to dismiss the first two counts of the amended petition, but granted Meredith a hearing on his third claim of ineffective assistance of counsel for failing to investigate the case before entry of the guilty plea. Meredith filed a response to the notice of intent to dismiss. The district court summarily dismissed the first two claims of the amended petition, but ordered a hearing on the third. The district court also appointed new counsel to represent Meredith at the hearing. The third claim was denied after an evidentiary hearing. The district court entered a judgment dismissing Meredith's petition for post-conviction relief. Meredith timely appeals.

## II.

## ANALYSIS

Meredith argues that the district court erred in dismissing his petition for post-conviction relief. He raises five issues on appeal. First, Meredith contends that he raised an issue of material fact as to whether counsel was ineffective in failing to file a suppression motion. Second, Meredith asserts that he raised an issue of material fact as to whether counsel was ineffective in failing to obtain a mental health evaluation for sentencing. Third, Meredith argues that the district court erred in denying his claim after an evidentiary hearing as to whether counsel was ineffective in advising him as to his guilty plea. Fourth, Meredith contends that the district court violated its duty to take judicial notice of a separate criminal case. Finally, Meredith argues that the district court erred in denying his motion to file a second amended petition for post-conviction relief.

### A. Claims Summarily Dismissed

In his petition, Meredith alleged three instances of ineffective assistance of counsel. The district court addressed one of those allegations after holding an evidentiary hearing. The remaining allegations were summarily dismissed prior to hearing. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138

Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a

4

matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Meredith contends the following ineffective assistance of counsel claims were erroneously dismissed: (1) deficiency in failing to file a motion to suppress a forced blood draw; and (2) deficiency in failing to obtain a mental health evaluation for sentencing. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has

5

long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### 1. Blood draw

Meredith argues that the district court erroneously dismissed his ineffective assistance of counsel claim as to his attorney's failure to file a motion to suppress the results of the blood draw taken after Meredith refused to submit to a breathalyzer test during the course of a traffic stop. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Meredith attached the probable cause affidavit in support of his arrest as an exhibit to his own affidavit. The affidavit shows that Meredith was arrested for DUI on July 7, 2012. It further shows that he refused breath and blood testing but a blood sample was taken anyway. Meredith's affidavit asserted that trial counsel declined to file a motion to suppress evidence of the blood draw despite his request that she do so. The district court dismissed the claim, finding that Meredith had not presented any admissible evidence "to support [Meredith's] claim that the failure to file a motion to suppress constituted deficient performance, i.e. fell below an objective standard of reasonableness." Further the court found that Meredith "has not even alleged that (let alone presented admissible evidence that), but for his counsel's deficient performance, the outcome of the proceedings in the underlying case would have been different."

On appeal, Meredith contends that counsel should have filed a suppression motion based on *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552 (2013), *State v. Halseth*, 157 Idaho 643, 339 P.3d 368 (2014), and *State v. Wulff*, 157 Idaho 416, 337 P.3d 575 (2014). In *McNeely*, the United States Supreme Court held that the natural metabolization of alcohol in the bloodstream does not present a per se exigency that justifies an exception to the Fourth Amendment's search warrant requirement for nonconsensual blood testing in all driving under the influence cases and

instead, exigency in this context must be determined case-by-case based on the totality of the circumstances. *McNeely*, ___ U.S. at ___, 133 S. Ct. at 1556. This holding abrogated the previously established precedential case law. In *Halseth* and *Wulff*, the Idaho Supreme Court held that application of the implied-consent statute as a per se exception to the warrant requirement as to blood draws violates the Fourth Amendment, likewise overruling prior Idaho case law. *Halseth*, 157 Idaho at 646, 339 P.3d at 371; *Wulff*, 157 Idaho at 423, 337 P.2d at 582.

*McNeely* was issued on April 17, 2013. The judgment in the underlying criminal case was entered on February 11, 2013. At that time, "Idaho precedent [held] that forced blood draws based on the implied consent exception fall under the alternate consent exception to the warrant requirement." *Wulff*, 157 Idaho at 420, 337 P.3d at 579, *overruling State v. Diaz*, 144 Idaho 300, 302-03, 160 P.3d 739, 741-42 (2007), and *State v. Woolery*, 116 Idaho 368, 371, 775 P.2d 1210, 1212 (1989). Therefore, as Meredith's counsel correctly concluded, a suppression motion made at the time Meredith's criminal case was pending would have been without merit. Meredith has failed to present any evidence that counsel's performance was deficient or that he was prejudiced by lack of a motion to suppress the results of his blood draw. The district court did not err in dismissing this claim.

### 2. Mental health evaluation

Meredith argues that the district court erroneously dismissed his ineffective assistance of counsel claim as to his attorney's failure to obtain a mental health evaluation prior to sentencing. The district court dismissed the claim finding that Meredith "failed to state a claim, or provide admissible evidence to support a claim, of ineffective assistance of counsel for failure to request a mental health evaluation prior to sentencing."

In support of his claim, Meredith submitted evidence demonstrating that he has a history of mental illness and counsel knew of the existence of these issues. Meredith attached as an exhibit to his affidavit a statement prepared by his trial counsel in the criminal case. In that statement, counsel stated that she did not seek a mental health evaluation because the plea agreement for a rider was "a good deal" and this was Meredith's third felony; Meredith had a pending probation violation on another felony; the sentencing judge was already aware of Meredith's mental health issues because of his supervision of Meredith in mental health court; and getting an evaluation would only serve to delay Meredith's ability to begin the rider.

7

As was determined by the district court, Meredith's claim of a mental health history alone shows neither deficient performance nor prejudice. In the memorandum in support of his second amended verified petition for post-conviction relief, Meredith cited to *McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003) in support of the conclusory statement that counsel's failure to obtain a mental health evaluation prior to sentencing fell below an objective standard of reasonableness. However, in that case, the Tenth Circuit Court of Appeals upheld the state court's finding that counsel's deficient performance by failing to timely investigate a mental health defense was not prejudicial. *Id.* at 1202. In addition, Meredith does not allege that trial counsel's failure to request a mental health evaluation prior to sentencing would have resulted in a different outcome at sentencing. The district court did not err in dismissing this claim.

**B.      Ineffective Assistance of Counsel Claim Denied After Evidentiary Hearing**

Meredith asserts counsel's performance was ineffective with respect to failing to adequately investigate the State's case and advise Meredith before Meredith pled guilty. Following an evidentiary hearing, the district court issued a written order denying this claim. In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient for failing to interview witnesses, a petitioner must establish that the inadequacies complained of would

8

have made a difference in the outcome of trial. *Id.* It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

After holding an evidentiary hearing, the district court found that counsel had adequately investigated Meredith's case by reviewing the case file and the evidence (including the toxicology report and audio recording created by law enforcement). Further, counsel conducted legal research on possible defenses as well as contacted a potential expert witness to explore possible defenses to the charge. Although Meredith alleged that his attorney did not consult with him, evidence presented at the hearing showed otherwise. Finally, the district court did find that trial counsel did not discuss trial strategy with Meredith. However, this was due to Meredith's expressed intent to plead guilty.

On appeal, Meredith claims the district court erred but does not claim the district court's factual findings are clearly erroneous or that the district court's findings do not support its legal conclusions.[1] A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). The district court did not err in denying this claim.

### C. Judicial Notice of a Separate Criminal Case

Meredith contends the district court erred by declining to take judicial notice of a criminal case other than the one giving rise to these post-conviction proceedings. Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. A court must take judicial notice if requested by a party and supplied with the necessary information. I.R.E. 201(d). A district court may take judicial notice of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967); *Newman v. State*, 149 Idaho 225, 227, 233 P.3d 156, 158 (Ct. App. 2010). It is error, however, for the district court to base its decision on judicial notice of the judge's personal recollection of events in the criminal proceeding. *Matthews v. State*, 122 Idaho 801, 807-08, 839 P.2d 1215, 1221-22 (1992).

---

[1] Rather, Meredith seems to imply that at the time his plea was entered he was either under the influence of alcohol, drugs, or other medication or that he was mentally unwell due to having been refused prescribed medications while in jail. Whether Meredith's plea was entered voluntarily is not an issue before this Court. However, we note the district court did expressly find that the record supports the conclusion that Meredith's plea was voluntary.

9

Meredith filed a motion requesting that the district court take judicial notice "of the underlying criminal records and transcripts" in both the underlying criminal case (CR-FE-2012-14434) as well as a separate criminal case (MD-2012-2768). Meredith indicated that those records were to include:

1. All disclosed discovery and documents disclosed that are bates labeled 1-151, and ISP Forensic Lab Reports;
2. The underlying misdemeanor case file in MD-2012-2768 and CR-FE-2012-14434;
3. The audio/transcript from MD-2012-2768 hearing dismissing said case, and the transcript that was prepared on the hearing conducted on January 17, 2012, in CR-FE-2012-14434;
4. Any and all exhibits used in CR-FE-2012-14592;
5. Any and all Ada County Mental Health Court and Jail Mental Health Records;
6. The Presentence Investigation Report;
7. The psychological mental health evaluation, if one was prepared.

The district court granted the motion as to the underlying criminal case and transcript. Specifically, the district court took judicial notice of the following: probable cause affidavit; police reports from three Boise City police officers; Idaho State Police Forensic Services blood toxicology report and payment reimbursement form; the preliminary hearing transcript, dated January 17, 2013; trial counsel's notes; and the underlying criminal record in case number CR-FE-12-14434. The district court declined to take judicial notice of the criminal record in case number MD-2012-2768.

On appeal, Meredith contends that the records from the separate criminal case would have substantiated his claims of ineffective assistance of counsel as to deficiency in failing to obtain a mental health evaluation for sentencing and failing to investigate the case adequately before the guilty plea. Conversely, the State contends that Meredith has cited nothing in the record to show what those records are, what they contain, or why they are relevant. Therefore, the State argues, Meredith's assertion that the records would have substantiated his claims is not an adequate offer of proof and that the record in this case is insufficient for appellate review of this issue.

"[T]he party is in the best position to identify and refer the court to the relevant portions of the record that support his or her arguments." *Fortin v. State*, 160 Idaho 437, 442, 374 P.3d 600, 605 (Ct. App. 2016). "[T]he specificity requirement of I.R.E. 201(d) requires that a party provide more than a blanket reference to an entire case when requesting a court to take judicial

notice of documents or items within it." *Id.* at 442-43, 374 P.2d 605-06. If a party fails to specify which material from the underlying case he or she is requesting, judicial notice is not mandatory. *See Taylor v. McNichols*, 149 Idaho 826, 835, 243 P.3d 642, 651 (2010) (holding that, where it was erroneous for the district court to take judicial notice, it certainly cannot be said that such notice was mandatory and, therefore, I.R.E. 201(d) is inapplicable).

In this case, Meredith filed a pro se motion requesting that the district court take judicial notice of the entire underlying record of two cases. This blanket request was supplemented only by the request for a transcript of the dismissal hearing which would have been included anyway. There is a lack of specificity, but it is unclear whether the district court denied the motion on this ground. As the State points out, the record is insufficient. The only portion of the record that indicates what transpired at the hearing, during which the court addressed the motion, is a minute entry that makes it difficult to discern the district court's analysis. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

Further, due to the lack of specificity, we are not able to discern whether the separate criminal case file contains any adjudicative facts. Adjudicative facts may be judicially noticed by the court or upon request under I.R.E. 201(c) and 201(d). However, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." I.R.E. 201(b). The commentary of Federal Rule of Evidence 201--the federal counterpart of the Idaho rule--is enlightening in this regard. F.R.E. 201. The commentary states that "a high degree of indisputability is the essential prerequisite" and that "the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." F.R.E. 201, *noted in* subdivision (a); F.R.E. 201, *noted in* subdivision (b). Because there is nothing in the record to demonstrate the relevancy of the documents in the separate criminal case file, it was appropriate for the district court to exclude them. Therefore, because Meredith failed to comply with the requirements of I.R.E. 201(d), there was no mandatory duty imposed on the district court to take blanket judicial notice of the separate criminal case file. Accordingly, Meredith has failed to

11

show the district court abused its discretion by denying, in part, his motion to take judicial notice.

**D.      Motion to File a Second Amended Petition**

Meredith argues that the district court erred by denying his motion to file a second amended petition for post-conviction relief.  The district court determined Meredith had failed to raise any new claims.  Pursuant to I.R.C.P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."   Motions to amend pleadings are to be liberally granted under I.R.C.P. 15(a).  *Estate of Becker v. Callahan*, 140 Idaho 522, 528, 96 P.3d 623, 629 (2004). However, the decision to grant or deny a motion to amend is left to the sound discretion of the trial court.  *Jones v. Watson*, 98 Idaho 606, 610, 570 P.2d 284, 288 (1977).  A proposed amendment which would not entitle the party to the relief claimed is properly refused.  *Bissett v. State*, 111 Idaho 865, 869, 727 P.2d 1293, 1297 (Ct. App. 1986).

Meredith first argues that the amendment was necessary to include his own affidavit and five exhibits not attached to the first amended petition.  However, the first amended petition specifically incorporated exhibits submitted with the original petition.  Further, the district court took judicial notice of the five exhibits attached to Meredith's affidavit which was filed on the same day as the motion to file a second amended petition.   Therefore, amendment was unnecessary when Meredith could support the claim with evidence and argument in opposition to dismissal.

Meredith next argues he needed to amend the petition to include legal authority to make it "clear that he was invoking a federal right" so he could preserve the issue and not be "barred at a latter time" in federal court.  Meredith cites to *Gray v. Netherland*, 518 U.S. 152 (1996) and *Robinson v. Schriro*, 595 F.3d 1086 (9th Cir. 2010) in support of the proposition that he must cite cases or other authority in his petition to preserve claims for consideration in a subsequent federal habeas corpus action.  *Gray* and *Robinson* require the federal court determining whether state remedies have been exhausted to look at the facts and law asserted in the state court.  *Gray*, 518 U.S. 162-63; *Robinson*, 595 F.3d at 1101-03.  However, they do not support the notion that federal courts are limited to look to the state court post-conviction petition alone.  To the contrary, the relevant inquiry is whether the petitioner presented the claim "on direct appeal or in state habeas proceedings."  *Gray*, 518 U.S. at 165.  *See also Robinson*, 595 F.3d at 1101.

12

Meredith has failed to show that his proposed second amended petition addressed any actual flaw in the first amended petition. Moreover, he has shown no potential prejudice from the denial of the second amendment. We cannot say the district court abused its discretion in finding that Meredith had failed to raise any new claims. Therefore, we hold that the district court acted within its discretion in denying Meredith's motion to amend his petition for post-conviction relief.

## III.

## CONCLUSION

The judgment dismissing Meredith's petition for post-conviction relief is affirmed.

Judge MELANSON and Judge HUSKEY **CONCUR**.