# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42844

| | | |
|---|---|---|
| BRIAN ELLIOTT HOGUE, | ) | 2016 Unpublished Opinion No. 581 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 23, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Brian Elliott Hogue appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hogue was incarcerated and awaiting trial for theft and check fraud when, pursuant to search warrants, police located child pornography on his computer. The State charged Hogue with two counts of possession of sexually exploitative material, Idaho Code §§ 18-1507A, 18-1507.[1] Hogue pled guilty to one count of possession of sexually exploitative material, and the

---

[1] Idaho Code § 18-1507A was repealed on July 1, 2012. 2012 Idaho Sess. Laws, ch. 269, § 3, p. 754.

State dismissed the second count.  Hogue appealed, and this Court affirmed his conviction.  *State v. Hogue*, Docket No. 40273 (Ct. App. July 5, 2013) (unpublished).[2]

Hogue filed a pro se petition for post-conviction relief and moved for appointment of counsel.  The district court appointed counsel, ordered the preparation of transcripts from the underlying criminal case, and granted the parties access to the presentence investigation report (PSI) from the underlying criminal case, which included a psychosexual evaluation (PSE) of Hogue.  Before the court appointed counsel, Hogue apparently filed several documents with the court.  At a status conference after the court appointed counsel, the court stated, "Please advise Mr. Hogue he's not to file any documents, since he has counsel. . . .  I'll release the PSI, but will strike the part 'to take judicial notice.'  You need to specify what you want me to take judicial notice of."

The State answered Hogue's initial petition and moved for summary dismissal.  Hogue moved to proceed pro se and requested access to the PSI and PSE.  The district court granted Hogue's request to proceed pro se and allowed Hogue to be transported to the courthouse to review the PSI and PSE.  Hogue moved to "lodge" the record of his underlying criminal case under Idaho Rule of Civil Procedure 7.  The district court never expressly ruled on this motion.  Hogue amended his petition and the State amended its motion for summary disposition.  Hogue moved for the court to rule on his motion to lodge the record of the underlying criminal case.  The court did not respond to this motion.

Hogue moved for permission to conduct discovery.  In its order denying Hogue's motion to conduct discovery, the court referenced and quoted at length portions of the record, transcripts, PSI, and PSE from Hogue's underlying criminal case.  The court also stated that it based the background section of the order "on the police reports, the register of actions, and the record in the underlying criminal case" and "documents filed by Hogue in support of this post-conviction action that arise out of [his] other criminal case."

The court held a hearing on the State's motion for summary disposition.  The court subsequently granted the motion and dismissed Hogue's petition in a written order.  In the order, the court again referenced and quoted at length portions of the record, transcripts, PSI, and PSE from Hogue's underlying criminal case.  The court stated that it based the background section of

---

[2]    Hogue also appealed his judgment of conviction for grand theft.  *State v. Hogue*, Docket No. 40005 (Ct. App. June 10, 2013) (unpublished).

2

the order "on the register of actions and the documents filed by Hogue and the State in support of this post-conviction action that arise out of [Hogue's] other criminal case." Hogue timely appeals the court's judgment.

## II.

## ANALYSIS

Hogue does not challenge the merits of the district court's order summarily dismissing his petition. Rather, Hogue asserts the court erred in failing to take judicial notice of the record in his underlying criminal case. According to Hogue, the court's failure to take judicial notice of the record in his underlying criminal case violated the court's mandatory duty to take judicial notice under Idaho Rule of Evidence 201(d) and his right of access to the courts. A court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and is governed by I.R.E. 201. *Newman v. State*, 149 Idaho 225, 226, 233 P.3d 156, 157 (Ct. App. 2010). We review lower court decisions admitting or excluding evidence under the abuse of discretion standard. *Dachlet v. State*, 136 Idaho 752, 755, 40 P.3d 110, 113 (2002). In reviewing a trial court's exercise of discretion, we consider whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Id.* at 756, 40 P.3d at 114. However, the interpretation of the rules of evidence is a question of law over which we exercise free review. *State v. Young*, 136 Idaho 113, 119, 29 P.3d 949, 955 (2001).

Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resorting to sources whose accuracy cannot reasonably be questioned. Under I.R.E. 201(d), a court must take judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case if requested by a party and supplied with the necessary information. To provide the necessary information, "the party shall identify the specific documents or items for which the judicial notice is requested or shall proffer to the court and serve on all parties copies of such documents or items." I.R.E. 201(d). Otherwise, under I.R.E. 201(c) a court may, "whether requested or not," take "judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case," if the court identifies "the specific documents or items that were so noticed."

Hogue asserts he properly requested judicial notice of records, exhibits, or transcripts from a separate case because his motion to lodge the record of his underlying criminal case "was, in effect, a motion to take judicial notice under I.R.E. 201(d)." Hogue further asserts he supplied the court with the information it needed because his motion was sufficiently specific under I.R.E. 201(d). Accordingly, Hogue argues the court's failure to take judicial notice of the record in his underlying criminal case violated the court's mandatory duty under I.R.E. 201(d). Additionally, Hogue claims the court's failure to take judicial notice of the record in his underlying criminal case violated his right of access to the courts.

Contrary to Hogue's arguments, the district court took judicial notice of the record in his underlying criminal case.[3] In several orders, the court referenced and quoted at length specific portions of the record from Hogue's underlying criminal case. In its order denying Hogue's motion to conduct discovery, the court stated that it was relying "on the police reports, the register of actions, and *the record in the underlying criminal case*" and "documents filed by Hogue in support of this post-conviction action that arise out of [his] other criminal case." (Emphasis added.) The court made a similar statement in its order dismissing Hogue's petition. Thus, the court took judicial notice of the record in Hogue's underlying criminal case and did not err in summarily dismissing Hogue's petition. Because the court took judicial notice of the record in Hogue's underlying criminal case, the court did not violate its mandatory duty under I.R.E. 201(d)[4] or Hogue's right of access to the courts.

---

[3] Normally, we would presume the district court denied Hogue's motion because it failed to expressly rule on the motion. *See State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015). However, we need not decide if the court granted or denied Hogue's motion because it is clear the court took judicial notice of the record of Hogue's underlying criminal case. Whether the court granted Hogue's motion and took judicial notice pursuant to Hogue's request and Idaho Rule of Evidence 201(d), or denied Hogue's motion and sua sponte took judicial notice pursuant to I.R.E. 201(c), is a distinction without a difference. In either situation, the court did exactly what Hogue requested--it took judicial notice of the record in his underlying case.

[4] While not necessary to our holding, we note that Hogue's motion did not meet the requirements of I.R.E. 201(d). First, Hogue's motion did not properly request judicial notice. Idaho Rule of Civil Procedure 7(b)(1) states that motions "shall state with particularity the grounds therefor including the number of the applicable civil rule, if any, under which it is filed, and shall set forth the relief or order sought." Hogue referenced I.R.C.P. 7 in his motion, but not I.R.E. 201. Moreover, Hogue asked the court to "lodge" the record of his underlying criminal case, not to take judicial notice of the record in his underlying criminal case. Thus, Hogue failed to properly request judicial notice. Second, Hogue's motion did not supply the court with the

## III.

## CONCLUSION

The district court took judicial notice of the record in Hogue's underlying criminal case and Hogue has shown no error in the court's summary dismissal of his petition. Accordingly, the district court's judgment summarily dismissing Hogue's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

---

information it needed to take judicial notice. It is "improper for a court to take judicial notice under I.R.E. 201(d)" where a party does not identify the specific documents or items to be judicially noticed. *Taylor v. McNichols*, 149 Idaho 826, 835-836, 243 P.3d 642, 651-652 (2010). Because Hogue's motion made a blanket request for the entire record of his underlying criminal case, his motion was not sufficiently specific. Thus, Hogue's motion did not supply the court with the information it needed to take judicial notice under I.R.E. 201(d).