# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46828

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

CHENG YANG,

        Defendant-Appellant.

)
)  **Filed: May 4, 2020**
)
)  **Karel A. Lehrman, Clerk**
)
)
)
)
)
)
)

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of ten years, for conspiracy to traffic in marijuana, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

      Cheng Yang appeals from his judgment of conviction and sentence for conspiracy to traffic in marijuana and the district court's order denying his I.C.R. 35 motion for reduction of sentence. Yang contends there was a fatal variance between the charging document and the elements instruction and that the district court abused its sentencing discretion. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      Yang was arrested during an undercover drug operation after he and two other individuals delivered more than 100 pounds of marijuana to an undercover officer. Yang drove

the vehicle carrying the marijuana to the location of the drug purchase. Yang was charged with conspiracy to traffic in marijuana for his role in the drug transaction. I.C. §§ 18-1701 and 37-2732B(a)(1)(C). In addition to Yang and the two other men arrested at the location of the controlled buy, the State alleged that a fourth coconspirator participated in the drug transaction.

Yang pled not guilty, and the case proceeded to trial. Before the case was submitted to the jury, Yang's counsel objected to the district court's jury instruction on the elements of the conspiracy charge, arguing that the instruction was inconsistent with the allegations pled in the charging document. The district court overruled Yang's objection.

The jury found Yang guilty of the conspiracy charge. The district court sentenced Yang to a unified term of fifteen years, with a minimum period of confinement of ten years. Subsequently, Yang filed an I.C.R. 35 motion for reduction of sentence, which the district court denied. Yang appeals.

## II.

## STANDARD OF REVIEW

The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Yang argues the district court erred by creating a fatal variance between the jury instructions and the second amended information, imposing an excessive sentence, and denying his I.C.R. 35 motion. The State responds that the district court properly instructed the jury and imposed a reasonable sentence. We hold that Yang has failed to show error in the challenged elements instruction, his sentence, or the denial of his I.C.R. 35 motion.

## A.      Variance

Yang argues that there was a fatal variance between the elements instruction for conspiracy to traffic in marijuana and the second amended information charging him with that offense.  Our task in resolving the issue presented is two-fold.  First, we must determine whether there is a variance between the information used to charge Yang with conspiracy to traffic in marijuana and the instructions presented to the jury.  *See State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001).  Second, if a variance exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction.  *Id.*  A variance between a charging instrument and a jury instruction necessitates reversal only when it deprives the defendant of the right to fair notice or leaves him or her open to the risk of double jeopardy. *State v. Windsor*, 110 Idaho 410, 417-18, 716 P.2d 1182, 1189-90 (1985); *Brazil*, 136 Idaho at 330, 33 P.3d at 221.

The second amended information alleged that Yang "did willfully and knowingly combine, conspire, confederate, and agree with [S.C.], [D.C.], *and* [K.E.]" to deliver 25 pounds or more of marijuana.  (Emphasis added.)  In Instruction 18, the district court instructed the jury on the elements necessary to find Yang guilty of the conspiracy charge.  Instruction 18 reads:

> In order for [Yang] to be guilty of Conspiracy, the state must prove each of the following:
> 1.      On or about June 4, 2017
> 2.      in the state of Idaho
> 3.      the defendant Cheng Yang, and [S.C.], [D.C.] *and/or* [K.E.] agreed
> 4.      to commit the crime of Trafficking in Marijuana to deliver twenty-five (25) pounds or more of marijuana
> 5.      [Yang] intended that the crime would be committed;
> 6.      one of the parties to the agreement performed at least one of the following acts:
>> a.      There was an agreement to deliver twenty-five (25) pounds or more of marijuana to-wit:  100 pounds for the amount of $130,000; and/or
>> b.      arrangements were made to transport twenty-five (25) pounds or more of marijuana into Minidoka County, Idaho; and/or,
>> c.      that there was actual transportation and/or delivery of twenty-five (25) pounds or more of marijuana

3

7.    and such act/s was done for the purpose of carrying out the agreement.

(Emphasis added.) Yang objected to the use of "and/or" in the third element of Instruction 18, arguing that the term made the instruction inconsistent with the conjunctive list of the coconspirators alleged in the second amended information. The district court rejected Yang's argument, concluding that the jury instruction could list the coconspirators' identities disjunctively when the charging document listed them conjunctively without creating a fatal variance.

On appeal, Yang argues the district court erred because, by listing the coconspirators disjunctively, Instruction 18 relieved the State of its burden to prove the existence of an agreement between all the coconspirators alleged in the charging document to commit the crime of trafficking in marijuana. That is, Yang alleges that Instruction 18 deprived him of fair notice of the charge against him and prejudiced his defense. We disagree. Use of "and/or" in Instruction 18 did not create a fatal variance. Idaho Code Section 18-1701 requires that a defendant have an agreement to commit a crime with only one other person to form a conspiracy--not the number of individuals pled in the charging document. *See State v. Goggin*, 157 Idaho 1, 12-13, 333 P.3d 112, 123-24 (2014). Additionally, the identity of a coconspirator is not a necessary element of the crime of conspiracy. *See id.*; *see also United States v. Ray*, 899 F.3d 852, 865-66 (10th Cir. 2018) (holding that no constructive amendment occurred when the district court substituted the name of the defendant's wife with the phrase "another individual" when reading the indictment to the jury); *United States v. Johnson*, 719 F.3d 660, 668 (8th Cir. 2013) ("Because the identity of a defendant's coconspirators is not an essential element of conspiracy, the district court's failure to include the names of the coconspirators in the jury instructions was not a constructive amendment of the indictment.") (citation omitted). Thus, despite pleading a conjunctive list of alleged coconspirators in the second amended information, the State was not required to prove that all three coconspirators agreed with Yang to commit the crime of trafficking in marijuana. *See Berger v. United States*, 295 U.S. 78, 81 (1935) ("It is settled by the great weight of authority that, although an indictment charges a conspiracy involving several persons and the proof establishes the conspiracy against some of them only, the variance is not material."). Thus, whether Yang's alleged coconspirators were listed

4

conjunctively or disjunctively in the jury instructions was immaterial. Proof that Yang had an agreement with *any one* of the alleged coconspirators was sufficient. Consequently, Instruction 18 did not deprive Yang of fair notice or prejudice his defense because the instruction identified the same alleged coconspirators as the second amended information.

**B.     Sentence Review**

Yang argues that his sentence is excessive. Specifically, Yang contends that the district court failed to give proper weight to his status as a first-time offender and his familial and community support. The State responds that the district court properly considered both factors in fashioning Yang's sentence. We hold that Yang has failed to show the district court abused its sentencing discretion.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The district court considered Yang's criminal history and support network, but weighed them against other factors. The district court also found that Yang made a calculated decision, motivated by greed, to traffic more than four times the minimum amount of marijuana necessary to be convicted of trafficking. *See* I.C. § 37-2732B(a)(1)(C). Moreover, the district court further found that Yang tried to manipulate the judicial system by testifying during trial that he was

5

unaware he was transporting marijuana and then (in hopes of receiving a more lenient sentence by accepting responsibility for his crime) asserting that his trial testimony was false at sentencing. Based upon our review of the record, we cannot say the district court abused its discretion.

**C.      I.C.R. 35 Motion**

Yang argues that the district court erred by denying his I.C.R. 35 motion for reduction of sentence. According to Yang, the sentences imposed upon his coconspirators and his recantation of the confession he gave during sentencing showed that his sentence is unreasonable. The State responds that the district court properly concluded that the evidence Yang submitted with his I.C.R. 35 motion failed to show that his sentence is unreasonable.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Based upon our review of the record, including any new information Yang submitted in support of his Rule 35 motion, we conclude that no abuse of discretion has been shown.

## IV.
## CONCLUSION

Yang has failed to show a fatal variance between the charging document and the elements instruction for conspiracy to traffic in marijuana. Additionally, Yang has failed to show that his sentence is excessive or that the district court abused its discretion in denying his I.C.R. 35 motion for reduction of sentence. Consequently, Yang's judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of ten years, for conspiracy to traffic in marijuana and the district court's order denying his I.C.R. 35 motion are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.