# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51538

<table>
<tr><td>

CHENG YANG,

    Petitioner-Appellant-<br>    Cross Respondent,

v.

STATE OF IDAHO,

    Respondent-Cross Appellant.

</td>
<td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td>
<td>

Filed: May 21, 2026

Melanie Gagnepain, Clerk

</td>
</tr>
</table>

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment granting (in part) amended petition for post-conviction relief, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, <u>and</u> <u>remanded.</u>

Thomas Monaghan Law; Thomas Monaghan, Boise, for appellant. Thomas Monaghan argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen and Kale D. Gans, Deputy Attorneys General, Boise, for respondent. Kale D. Gans argued.

---

TRIBE, Chief Judge

Cheng Yang appeals and the State cross-appeals from the district court's judgment granting (in part) Yang's amended petition for post-conviction relief. Yang argues that the district court erred by not addressing his claim of ineffective assistance based on trial counsel's failure to object to certain jury instructions. The State argues that the district court erred in granting a new sentencing hearing based on Yang's ineffective assistance of counsel claim. We hold that the district court did not err in not addressing Yang's jury instruction ineffective assistance of counsel claim because the claim was not properly before the district court. We also hold that the district court erred in granting relief on Yang's ineffective assistance of counsel sentencing claim. Therefore, we affirm in part, vacate in part, and remand the judgment granting (in part) Yang's amended petition for post-conviction relief for further proceedings.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement officers arrested Yang during an undercover drug operation after he and two other individuals delivered over 100 pounds of marijuana to an undercover officer. The State charged Yang with conspiracy to traffic in marijuana. Yang pled not guilty, and the case proceeded to trial. The jury found Yang guilty of conspiracy to traffic in marijuana (Idaho Code §§ 18-1701, 37-2732B(a)(1)(C)).

Prior to sentencing, Yang's trial counsel submitted a written statement, which was taken from his handwritten notes made during a conversation with Yang the day after trial concluded. This statement was included in the presentence investigation report. At sentencing, the State quoted Yang's statement from the presentence investigation report, which indicated he went to Oregon and met some people and one of them "asked [Yang] to drive a car to Idaho. The car had a lot of marijuana in the trunk. [He] could not find a job and needed money to support [his] family, so [he] agreed to drive." The sentencing court characterized this admission as a "very significant aggravating factor" in imposing Yang's sentence. A judgment of conviction was entered and Yang appealed.

On direct appeal, Yang argued that the district court created a fatal variance by giving a post-proof jury instruction on the conspiracy elements that listed the alleged coconspirators disjunctively when the charging document listed them conjunctively. *See State v. Yang*, 167 Idaho 944, 948, 477 P.3d 998, 1002 (Ct. App. 2020). This Court affirmed Yang's judgment of conviction and the district court's denial of his Idaho Criminal Rule 35 motion, concluding that the discrepancy did not create a fatal variance because I.C. § 18-1701 requires proof of an agreement with only one other person to establish conspiracy. *Yang*, 167 Idaho at 948, 477 P.3d at 1002.

Yang filed a pro se petition for post-conviction relief. Yang alleged that his trial counsel provided ineffective assistance in six ways: (1) by failing to prepare a defense to a conspiracy with "Sou Cha or Doua Chang or Kevin Ellsworth" (coconspirators); (2) by failing to object to listing the eight overt acts into three less specific acts in the jury instructions; (3) by failing to object to the first overt act listed in the information; (4) by failing to play additional portions of the audio recordings; (5) by failing to request that the remainder of the trial be continued to a later

2

date; and (6) by failing to properly advise Yang about acceptance of guilt and the impact at sentencing. Yang supported the petition with an affidavit of facts.

Subsequently, post-conviction counsel was appointed for Yang and filed an amended petition. The amended petition condensed Yang's claims and alleged that his trial counsel provided ineffective assistance in five ways: (1) by failing to prepare or object to the first overt act alleged in the complaint; (2) by failing to preserve evidence; (3) by failing to discuss the consequences of proceeding to jury trial; (4) by failing to interview a coconspirator; and (5) by directing Yang to include in his presentence investigation report a statement admitting that he committed the offense. Yang signed the amended petition. Pursuant to I.C § 19-4907, the matter proceeded to an evidentiary hearing.

At the hearing on Yang's post-conviction petition, the sole witness was Yang's trial counsel. Following trial counsel's testimony, the district court asked, "I assume the parties want me to take notice of the transcripts?" While discussing written closing arguments with the parties, the district court referenced the transcripts of the trial and sentencing hearings. The district court specifically cited to sections of the sentencing transcript to illustrate the negative impact of Yang's implicit admission of perjury that was included in the presentence investigation report.

In its findings of fact and conclusions of law, the district court determined that four out of the five ineffective assistance of counsel claims failed for lack of evidentiary support. However, the district court concluded that trial counsel rendered ineffective assistance by advising Yang to submit a sentencing statement that contradicted his trial testimony. Specifically, the district court found that Yang testified at his underlying criminal trial that he had no knowledge of the marijuana in the vehicle but that his written sentencing statement admitted such knowledge. The district court also concluded that trial counsel's advice--related to Yang's statements for purposes of sentencing--prejudiced him. The district court therefore granted post-conviction relief on this claim only and ordered reopening the underlying criminal case, preparation of a new presentence investigation report, and resentencing by a different judge. Yang appeals and the State cross-appeals.

3

## II.

## STANDARD OF REVIEW

When reviewing a district court's decision to grant or deny a petition for post-conviction relief following an evidentiary hearing, this Court will not disturb the district court's factual findings unless they are clearly erroneous. *Marr v. State*, 163 Idaho 33, 36, 408 P.3d 31, 34 (2017). The reviewing court, however, exercises free and independent review of the district court's application of law. *Estrada v. State*, 143 Idaho 558, 561, 149 P.3d 833, 836 (2006).

## III.

## ANALYSIS

Yang argues the district court erred by not addressing his post-conviction relief claim that trial counsel was ineffective for failing to object to the conspiracy jury instruction because the jury instruction condensed eight overt acts into three less specific acts. The State responds that the claim was not properly before the district court because it was not included as a claim in Yang's amended petition. The State, in turn, cross-appeals the district court's grant of Yang's post-conviction relief claim that trial counsel was ineffective by advising Yang to admit guilt prior to sentencing after testifying at trial that he was unaware of marijuana in the vehicle. The State asserts the district court erred in its determinations of both deficient performance and prejudice. We will address these arguments in turn.

### A. Omitted Claim

Yang argues the district court erred by not addressing his claim that trial counsel was ineffective for failing to object to the conspiracy jury instruction. That claim was alleged in Yang's original petition but not alleged in his amended petition. Yang contends the claim was preserved because his original petition challenged trial counsel's failure to object to the formulation of the conspiracy charge and its overt acts, which, Yang argues, encompassed the jury instruction issue. Yang further asserts that, because the claim was raised in the original petition, it remained properly before the district court under I.C. § 19-4908. The State responds that the amended petition superseded the original petition and defined the claims for adjudication. Because the jury instruction claim was omitted from the amended petition, the State argues it was not properly before the district court. In reply, Yang asserts that post-conviction counsel was ineffective for

4

omitting the claim from the amended petition and contends that omission should not preclude review.

Here, although Yang initially raised the jury instruction ineffective assistance of counsel claim in his original pro se petition, his post-conviction counsel later filed an amended petition that did not include that claim. An amended pleading supersedes the original pleading and defines the issues for adjudication. Generally, when an amended petition is filed, it supersedes the original, and the original is treated as non-existent. *See Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017). Thus, claims omitted from an amended petition are generally treated as abandoned and are not properly before the trial court. *Bell v. State*, ___ Idaho ___, ___, 572 P.3d 209, 216 (2025). Although a party may adopt allegations from an earlier pleading by reference under I.R.C.P. 10(c), that rule must be read in conjunction with I.C. § 19-4903, which requires that such incorporation must be express and sufficiently specific to place the trial court and opposing party on notice of the claims being asserted. *Bell*, ___ Idaho at ___-___, 572 P.3d at 216-17; *see* I.C. § 19-4903. If a petitioner intends to restate previously asserted claims in an amended petition, the petitioner must actually and specifically restate those claims in the amended petition. *Id*. at ___, 572 P.3d at 217. Yang's amended petition did not include the jury instruction ineffective assistance of counsel claim and did not incorporate the original petition by reference. Yang signed and verified the amended petition, indicating his acknowledgment of the claims presented therein. The record also does not indicate that the claim was litigated or addressed below. Because the amended petition defined the claims at issue, the jury instruction ineffective assistance of counsel claim was not properly before the district court.

To the extent Yang asserted at oral argument that there should be some equitable remedy when post-conviction counsel does not reassert all claims from an original petition to an amended petition, we disagree. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel does not constitute a ground for post-conviction relief and cannot excuse a petitioner's failure to properly present a claim.

5

*Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). Accordingly, the district court did not err in not addressing a claim that was not alleged in Yang's amended petition.

**B.      State's Cross-Appeal**

The State raises two arguments on cross-appeal. First, the State argues that the district court erred by relying on transcripts from the underlying criminal case because the transcripts were neither formally admitted into evidence at the evidentiary hearing nor properly judicially noticed under Idaho Rule of Evidence 201. Second, the State argues that, even if the transcripts were properly considered, Yang failed to prove that trial counsel was ineffective with respect to his advice to accept responsibility during the presentence investigation.

**1.      Judicial notice**

The State argues the district court erred by relying on transcripts from the underlying criminal proceedings because those transcripts were not formally admitted into evidence at the evidentiary hearing and were not properly judicially noticed under I.R.E. 201. The State further asserts that, absent formal admission or the district court taking proper judicial notice, the district court could not rely on the transcripts in making its factual findings. Yang responds that the transcripts were produced, referenced during the evidentiary hearing, and relied upon by the district court without objection from the State. Yang contends the State waived any objection and that the transcripts were effectively part of the evidentiary record.

Since a post-conviction action is a separate civil proceeding, materials from the criminal case do not become evidence in the post-conviction record unless they are properly presented to the trial court, such as through admission as exhibits. *See Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct. App. 1994). Thus, documents from a criminal case, including transcripts, are not part of the evidentiary record in a post-conviction proceeding unless they are properly made part of the record.

Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. A court must take judicial notice if requested by a party and supplied with the necessary information. I.R.E. 201(c)(2). A trial court may take judicial notice of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967). It is error, however, for a trial court to base its decision on judicial notice of the judge's personal recollection

6

of events in the criminal proceeding, if those facts are not also generally known in the jurisdiction. *Matthews v. State*, 122 Idaho 801, 807-08, 839 P.2d 1215, 1221-22 (1992). A trial court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and is governed by I.R.E. 201. *Newman v. State*, 149 Idaho 225, 226, 233 P.3d 156, 157 (Ct. App. 2010).

The record does not reflect that either party formally requested judicial notice under I.R.E. 201 nor did the district court expressly state that it was taking judicial notice of any particular transcript or document. Although the transcripts were referenced during the evidentiary hearing, the district court's question that it "assume[d] the parties want[ed] [the district court] to take notice of the transcripts" does not constitute judicial notice. Idaho Rule of Evidence 201(c) provides:

> Taking Notice. The court:
> (1)      may take judicial notice on its own; or
> (2)      must take judicial notice if a party requests it and the court is supplied with the necessary information.
> When a court takes judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case, the court must identify the specific documents or items so noticed. When a party requests judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case, the party must identify the specific items for which judicial notice is requested or offer to the court and serve on all parties copies of those items.

Although a court may take judicial notice sua sponte, the record must reflect that the court identifies the adjudicative facts or documents being noticed. For example, the district court properly judicially noticed a motion to dismiss by noting in its written factual findings that "the court takes judicial notice of [Yang]'s 'Motion for Dismissal, Imposing Sanctions, or to Compel Discovery,' filed in the underlying criminal case, CR-2017-1784, file stamped with the court, 5/10/2018."

By comparison, the district court's only reference to the transcripts related to the underlying criminal case was in its findings of fact and conclusions of law in a section titled "Statement of the Case" that reads: "[Yang] testified at length at the trial. Tr. pp 416-621." This general reference to an unadmitted, unidentified transcript to over 200 pages of testimony is inadequate for judicial notice, much less meaningful appellate review of the district court's basis for its decision. Because the transcripts from Yang's underlying criminal case were neither

7

admitted as exhibits nor specifically identified as matters judicially noticed, they were not properly made part of the evidentiary record in the post-conviction proceeding. Accordingly, the district court abused its discretion in relying on the transcripts in its written findings of fact and conclusions of law.

### 2. Ineffective assistance of counsel--sentencing

The State argues that advising a defendant to accept responsibility after conviction is a common and reasonable sentencing strategy. The State maintains that the jury's guilty verdict necessarily rejected any exonerating aspect of Yang's trial testimony and that trial counsel encouraging Yang to accept responsibility fell within the wide range of reasonable professional assistance. The State further argues that any adverse sentencing consequences stemmed from Yang's trial testimony itself--not from trial counsel's subsequent advice.

Yang responds that the district court did not err in determining that trial counsel rendered ineffective assistance by advising Yang to accept responsibility during the presentence investigation after he testified at trial that he was not aware of marijuana in the vehicle. Yang argues that prejudice is clear from the record. Yang contends that this advice effectively required him to admit that he lied under oath and exposed him to aggravating sentencing consequences. He further asserts that the sentencing court expressly relied on that admission in imposing sentence and that there is a reasonable probability he would have received a lesser sentence absent trial counsel's advice.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at

442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).

The district court found that trial counsel advised Yang to admit guilt during the presentence investigation process despite his prior sworn trial testimony that he was unaware of marijuana in the vehicle. The district court further found that such an admission necessarily required Yang to acknowledge that he falsely testified under oath and exposed him to an additional aggravating factor beyond the jury's verdict. However, the record developed at the evidentiary hearing does not support the finding that trial counsel's advice fell outside the wide range of reasonable professional assistance. Trial counsel testified that advising a client to accept responsibility is generally a reasonable sentencing strategy and that he was aware of the presentence investigator's consideration of a defendant's acceptance of responsibility. Nothing in the admissible evidence demonstrates that trial counsel's advice resulted from inadequate preparation, ignorance of law, or other objectively unreasonable shortcomings.

At the time trial counsel advised Yang to be truthful in the presentence investigation, the jury had already rejected his exculpatory testimony. Trial counsel's advice therefore did not introduce a new factual circumstance but reflected a strategic decision in light of the jury's verdict. As stated above, tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Yang has failed to demonstrate that trial counsel's advice to accept responsibility and provide truthful information during the presentence investigation fell below an objective standard of reasonableness.

With respect to prejudice, the district court found that the sentencing court (which was the same judge) expressly attributed aggravating weight to Yang's admission and treated the statement as "dishonesty before the [district court]," concluding that his adoption of the statement worsened

9

his position at sentencing. However, as discussed above, the transcripts from the underlying criminal proceedings were neither admitted as exhibits nor properly the subject of judicial notice under I.R.E. 201. Because those transcripts were not part of the evidentiary record in the post-conviction proceeding, the district court lacked any evidentiary basis regarding the scope of Yang's trial testimony and any evidentiary basis for finding that the sentencing court relied on his admission as an aggravating factor.

The only evidence admitted at the evidentiary hearing was the testimony of trial counsel. Trial counsel testified that the defense's theory at trial was that Yang was unaware marijuana was in the vehicle and that, following the jury's verdict, trial counsel advised Yang to accept responsibility and tell the truth in connection with the presentence investigation. Trial counsel also denied encouraging Yang to provide false information. Nothing in the properly admitted evidence demonstrates that Yang's later acceptance of responsibility increased the length of his sentence or otherwise resulted in a harsher punishment than he would have received absent trial counsel's advice. Because Yang failed to present admissible evidence showing a reasonable probability that, but for trial counsel's advice, the result of sentencing would have been different, he did not establish prejudice under *Strickland*. Accordingly, the district court erred in concluding that Yang established ineffective assistance of trial counsel.

## IV.

## CONCLUSION

Yang has failed to show that the district court erred by not addressing his jury instruction ineffective assistance of counsel claim because this claim was omitted from the amended petition and was therefore not properly before the district court. The State has established that, as to Yang's ineffective assistance of counsel sentencing claim, the district court erred by relying on materials outside the evidentiary record and also erred by concluding that Yang established ineffective assistance of trial counsel. Therefore, we affirm in part, vacate in part, and remand the judgment granting (in part) Yang's amended petition for post-conviction relief for further proceedings consistent with this opinion.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

10